# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA A. DOYLE,<br><br>                Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>                Defendant. | Case No.: 3:15-cv-00851-MMA-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 32] |

Defendant Midland Credit Management Inc. ("Defendant") moves to dismiss all of Plaintiff Dana A. Doyer's ("Plaintiff") claims that Defendant alleges were released on December 2, 2016 as a result of a class action settlement (the "Class Settlement") in the multidistrict litigation ("MDL") that this action is a member of. *In Re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, No. 11-md-2286-MMA-MDD (hereinafter "*Midland MDL*"). For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion. The Court **DISMISSES** Plaintiff's Telephone Consumer Protection Act ("TCPA") claims, and **SUGGESTS** that the Judicial Panel on Multidistrict Litigation ("JPML") **REMAND** this action to the District Court for the District of New Jersey.

## BACKGROUND

On June 17, 2014, Plaintiff filed this action against Defendant in the United States District Court for the District of New Jersey alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* *See* Doc. No. 1. On February 18, 2015, Plaintiff amended her complaint to include violations of the TCPA, 47 U.S.C. § 227 *et seq.* *See* Doc. No. 16. On April 17, 2015, the JPML transferred this action to the District Court for the Southern District of California.

On December 2, 2016, the Court granted final approval of the Class Settlement in *In Re: Midland Credit Management, Inc. Telephone Consumer Protection Act Litigation*, No. 11-md-2286-MMA-MDD. The Class Settlement resolved all TCPA claims by class members against Defendant for calls made during the period of November 2, 2006 to August 31, 2014. Specifically, the Class Settlement released all claims:

> relating to the making, placing, dialing or initiating of calls using an automatic telephone dialing system or artificial or prerecorded voice, any and all claims for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder or related thereto, and any and all claims for violation of any laws of any state that regulate, govern, prohibit or restrict the making, placing, dialing or initiating of calls using an automatic telephone dialing system, an artificial or prerecorded voice, or any automated process or technology . . . .

*Midland MDL*, Doc. No. 281-3.

Class members had the right to opt out of or object to the terms of the Class Settlement. *Id.* On December 22, 2016, the Court ordered Plaintiff to file a Status Report identifying any remaining claims not released by the Class Settlement, as it appeared that Plaintiff had not opted out of the Class Settlement. *See* Doc. No. 27. On January 17, 2017, Plaintiff filed a Status Report identifying claims under the TCPA and FDCPA. *See* Doc. No. 30.

On March 24, 2017, Defendant filed the instant motion to dismiss. Defendant

moves to dismiss Plaintiff's TCPA claims as well as Plaintiff's FDCPA claims to the extent that the FDCPA claims rely on the use of an automatic telephone dialing system ("ATDS"), prerecorded or artificial voice, or any automated process or technology. *See* Doc. No. 32. On April 5, 2017, Plaintiff filed a response in which Plaintiff opposed dismissal of her TCPA and FDCPA claims, and requested this matter be remanded to its original jurisdiction in the District of New Jersey for adjudication.

## LEGAL STANDARD

### 1. Rule 12(b)(6) – Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and construe the allegations in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

//
//

**2. Remand**

Pursuant to 28 U.S.C. § 1407, the JPML is authorized to "separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded." *See* 38 U.S.C. § 1407(a). Further, "the [JPML] may remand an action or any . . . claim within it, upon . . . the transferee court's suggestion of remand." J.P.M.L.R. 10.1(b). "Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *See* 28 U.S.C.A. § 1407(a). "In considering the question of remand the [JPML] has consistently given great weight to the transferee [court]'s determination that remand of a particular action at a particular time is appropriate . . . ." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977).

### DISCUSSION

**1. Defendant's Motion to Dismiss**

  *a. Plaintiff's TCPA Claims*

Rule 23 demands that class members who did not timely opt out of the Class Settlement lose their ability to litigate their TCPA claims separately. Fed. R. Civ. P. 23(c)(2)-(3); *see In re Cement Antitrust Litig. (MDL No. 296)*, 688 F.2d 1297, 1309 (9th Cir. 1982). Accordingly, if Plaintiff's TCPA claims were contemplated by the Class Settlement, as defined by the terms of the Settlement and the relevant class period, and Plaintiff did not opt out of the class, Plaintiff's claims are barred.

Here, Plaintiff does not dispute that her TCPA claims are subject to the Class Settlement based on the Settlement terms, nor does Plaintiff dispute that she did not timely opt out of the settlement class. Rather, Plaintiff argues the Court should not dismiss her claims because she never received notice of the Class Settlement or her right to opt out of the Settlement. *See* Doc. No. 33. Plaintiff argues that because she sued Defendant in an action separate from the Midland MDL action, and did not receive notice

of the Class Settlement, her TCPA claims should not be precluded by the Class Settlement. *Id.*

As an initial matter, Plaintiff's case was transferred to be a part of the MDL litigation on April 17, 2015, prior to the Court's preliminary approval of the Class Settlement on December 9, 2015. *See Midland MDL*, Doc. Nos. 214, 291. The Court's Order granting preliminary approval outlined the terms of the settlement and class members' opportunity to opt out of the Settlement Agreement. Accordingly, Plaintiff had actual notice of the settlement and her opportunity to opt out via the Court's electronic filing system, and by virtue of the fact that the Court served counsel and parties to the Midland MDL with copies of filings in that action, including the Order granting preliminary approval.

Moreover, in order to satisfy the notice requirements under Rule 23, "actual notice is not required." *See* Fed. R. Civ. P. 23(c)(2)(B); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998); *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 452 (E.D. Cal. 2016). Rather, class members need only be provided "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). While Plaintiff may not have received a postcard notifying her of the Class Settlement, the Claims Administrator took several steps to provide the best practicable notice to class members. Specifically, the Claims Administrator administered the Notice Plan pursuant to the Settlement Agreement, which included direct mail notice, publication of the notice in national consumer publications, internet banner ads strategically placed to maximize the dissemination of the Notice, a dedicated Settlement Website, a long form notice, which was posted on the Settlement Website, a press release, and a toll-free number to call to obtain more information about the Settlement. *See Midland MDL*, Doc. No. 434 at 23-24, 27.

Also, the Court has previously rejected the argument that the means of providing notice of the Class Settlement were deficient because postcards were not mailed to all persons Defendant called during the class period. *See Midland MDL*, Doc. No. 434 at 24.

Instead, the Court held that the numerous methods, as listed above, were the best practicable means for providing notice under the circumstances. *Id.* Thus, the modes of providing notice were adequate and compliant with Rule 23 despite that Plaintiff may not have received a postcard regarding the settlement. Consequently, Plaintiff's TCPA claims were released because she is a member of the Class Settlement who did not timely opt out.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's TCPA claims, and **DISMISSES** Plaintiff's TCPA claims with prejudice.

  b. FDCPA Claims

Defendant argues that Plaintiff's FDCPA claims should be dismissed to the extent that they are based on the use of an ATDS because the claims would possess an identical factual predicate to the released TCPA claims. *See* Doc. No. 32 at 4, n.9. Plaintiff counters that her FDCPA claim does not relate to the use of an ATDS, prerecorded or artificial voice, or any automated process or technology. In response, Defendant contends Plaintiff should accordingly not oppose their request to dismiss FDCPA claims to that extent.

"It is well-settled that in order to achieve a comprehensive settlement . . . a court may permit the release of a claim based on the identical factual predicate as that underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008); *see Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (holding that a lack of an identical factual predicate as between the plaintiff's claims and the settled class action claims barred preclusion of the plaintiff's claims). However, Plaintiff's FDCPA claims cannot rely on the same factual predicate as the released TCPA claims. None of the provisions of the FDCPA that Plaintiff asserts claims under—*i.e.*, sections 1692(c)–(f)—require the use of an ATDS, prerecorded or artificial voice, or any automated process or technology. *See* Doc. No. 16 at 4–5. For example, under § 1692(c), a debt collector is required to cease communication with a debtor "[i]f a

consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." *See* 15 U.S.C. § 1692(c). Under § 1692(d)(5), a debt collector is prohibited from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." *See* 15 U.S.C. § 1692(d)(5). Under § 1692(e), "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. § 1692(e). And under § 1692(f), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692(f).

Accordingly, while a debt collector's conduct may violate both the TCPA and the FDCPA, the provisions of the FDCPA that Plaintiff contends Defendant violated focus on the right to be free from abusive conduct by debt collectors, regardless of whether such debt collectors used an ATDS, artificial or prerecorded voice, or any automated process or technology. *See* 15 U.S.C. § 1692(c)–(f). Because the Class Settlement only contemplates TCPA claims and claims that involve the use of an ATDS, artificial or prerecorded voice, or any automated process or technology, Plaintiff's FDCPA claims were not released by the Class Settlement. *See* 47 U.S.C. § 227; *Midland MDL*, Doc. No. 281-83. Defendant recognizes this, however, and does not move for dismissal of Plaintiff's entire claims, but rather only requests dismissal insofar as Plaintiff's FDCPA claims rely on the use of an ATDS or other automated technology listed above. The Court declines to engage in piecemeal dismissal of Plaintiff's claims.

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss as to Plaintiff's FDCPA claims, or portions thereof.

### 2. Plaintiff's Request for Remand

Plaintiff requests the Court transfer this action to the District Court for the District of New Jersey. Defendant opposes remand, arguing that if Plaintiff's FDCPA claim alleges use of an ATDS then it would share a common factual core with the other

member cases of the MDL, and must remain in the MDL for consolidated or coordinated pre-trial proceedings. *See* Doc. No. 33. For the reasons set forth below, the Court suggests the JPML remand this action to its original jurisdiction, the District of New Jersey.

First, as discussed above, Plaintiff's FDCPA claims do not require proof that Defendant used an ATDS and accordingly, those claims do not share identical factual grounds with the TCPA claims of the MDL. Also, as demonstrated above, Plaintiff's FDCPA claims require proof of facts separate and apart from the facts required to prove a TCPA violation. Any overlap with future pretrial proceedings in the MDL action would be minimal. Accordingly, maintaining this action as part of the MDL would not serve the interests of judicial efficiency.

Second, remand would best serve the convenience of the Parties. According to Plaintiff's Amended Complaint, Plaintiff is a resident of Jersey City, New Jersey. *See* Doc. No. 16. As such, she originally filed this action in the District of New Jersey before it was transferred here, and Plaintiff prefers that venue. "[A] plaintiff's selection of a forum is generally due heavy weight." *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Daisley v. Blizzard Music Ltd. (US)*, No. 3:16-CV-00519-HDM-WGC, 2017 WL 706605, at *2 (D. Nev. Feb. 22, 2017). The burden on Defendant to litigate in New Jersey is minimal as compared with the inconvenience to Plaintiff to continue litigating in California—a forum with which Plaintiff has little or no connection to.

In sum, Plaintiff's sole remaining claims are not contemplated by the Midland MDL. Remand to the District of New Jersey best serves the relevant interests of the judiciary and the Parties in terms of convenience and efficiency.

Accordingly, the Court **SUGGESTS** that the JPML **REMAND** this action to the District Court for the District of Jersey for adjudication.

//
//
//

## Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss. *See* Doc. No. 48. Specifically, the Court **DISMISSES** Plaintiff's TCPA claims. The Court further **SUGGESTS** that the JPML **REMAND** this action to the District Court of the District of New Jersey.

The Clerk of Court is instructed to forward a certified copy of this Order to the United States Judicial Panel on Multidistrict Litigation.

**IT IS SO ORDERED.**

Dated: June 28, 2017

Hon. Michael M. Anello
United States District Judge